**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
LEONARD KOPPELMAN,

                         Plaintiff,          **MEMORANDUM
                                                                     AND ORDER**

            - against -
                                                                    CV 05-2496 (AKT)

THE STANDARD FIRE INSURANCE
COMPANY d/b/a THE TRAVELERS,

                        Defendant.
----------------------------------------------------------X

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

       Plaintiff originally brought this action in state court asserting a claim for breach of contract. In May 2005, this action was removed to federal court on the basis of diversity jurisdiction. At the close of discovery, Defendant moved for summary judgment. For the reasons set forth below, that motion is DENIED.

**I.**     ***BACKGROUND***

       Plaintiff is the owner of a 1998 48 foot Hatteras (the "Boat"). Defendant, The Standard Fire Insurance Company ("Standard Fire"), issued a Yacht Policy to Plaintiff effective for the period November 1, 2003 to November 1, 2004 (the "Policy"). This Policy provided insurance coverage for the Boat pursuant to the Policy's terms, conditions, exclusions and warranties. In June 2004, Plaintiff submitted a claim for repair of the engine to Standard Fire. This action arises out of Defendant's denial of that claim.

       Defendant moves for summary judgment in this matter asserting that (1) Plaintiff breached the "Support of Claim" provision in the Policy; (2) Plaintiff is estopped from recovering for "unrepaired damage"; and (3) the lawsuit is untimely. In support of this motion,

Defendant relies upon Standard Fire's Local Rule 56.1 Statement of Undisputed Facts, its Memorandum of Law in Support of the Standard Fire Insurance Company's Motion for Summary Judgment and the Affidavit of Michael E. Stern, attaching numerous exhibits supporting the motion, including excerpts of deposition transcripts from the depositions of Plaintiff and other witnesses.  Plaintiff has submitted a Memorandum of Law in Opposition to the Standard Fire Insurance Company's Motion for Summary Judgment, including exhibits and deposition excerpts and Plaintiff's Local Rule 56.1 Statement of Additional Facts to be Tried. On April 11, 2007, I heard oral argument of the motion.

## II. *STATEMENT OF FACTS*

The following summary is derived entirely from the parties' respective Rule 56.1 Statement and Counter-Statement of undisputed facts.  *See* DE 31.  Plaintiff Lenoard Koppelman is the owner the Boat.  Standard Fire issued the Policy to Plaintiff covering the Boat.  Plaintiff left Fort Lauderdale, Florida on May 19, 2004 and arrived in New York on or about May 26, 2004.  On or about May 26, 2004, upon returning to New York, Plaintiff had the turbo chargers removed from the Boat. Thereafter, Plaintiff had the exhaust elbows removed from the Boat and returned to the manufacturer on June 15, 2004.   The parties agree that on April 18, 2004, the Boat was grounded and damaged.  The Boat was subsequently inspected by Standard Fire and Plaintiff's claim was paid.  *See* Def. Mem at 8.

In August 2004, Standard Fire denied a claim for reimbursement submitted by Plaintiff based upon, *inter alia*, Plaintiff's failure to "comply with the conditions precedent of the Policy." There are three provisions in the Policy which Defendant relies upon in support of its motion for

summary judgment. First, Defendant points to the "Support of Claim" Provision contained in the section entitled "Section Ten: Your Duties After A Loss. " That provision states as follows:

> You must support any claim by: (1) ALLOWING US TO INSPECT THE DAMAGED PROPERTY BEFORE IT IS DISPOSED OF OR REPAIRED; (2) producing records to verify the claim and its amount; and (3) permitting copies of records to be made.

Aff. of Michael E. Stern, Ex. 2, at page 9 (emphasis in original). Defendant argues that the damage to the Boat was repaired prior to inspection, resulting in a breach of a condition precedent to coverage. *See* Def. Mem. 6-7.

Next, Defendant points to "Section Three: Physical Damage Coverage For Your Yacht and Equipment." Paragraph "D. UNREPAIRED DAMAGE" of that section provides as follows:

> We do not cover any previously unrepaired damage which occurred either prior to the policy effective date shown in the declarations, or where you or any insured has previously received payment.

Aff. of Michael E. Stern, Ex. 2, at page 5. Defendant argues that "the policy does not provide coverage for unrepaired damage where the insured 'has previously received payment.'" *See* Def. Mem. at 8. Since a claim was previously paid for damages resulting from the April 2004 grounding, Defendant argues no additional coverage for damages from that occurrence is available. *Id.*

The third Policy provision relied upon by Defendant in support of its motion for summary judgment is contained in "Section One: General Policy Conditions and Limitations." Paragraph "N. Suit Against Us" of that section provides:

> No action will be brought against us unless there has been full compliance with all policy provisions; and such action is started within one year after loss or damage occurs.

Aff. of Michael E. Stern, Ex. 2, at 3. Defendant argues that since Plaintiff claims the repairs were necessitated by damage caused in the April 2004 grounding, the action is untimely. *See* Def. Mem. at 8-9.

## IV. *DISCUSSION*

### A. *Summary Judgment Standard*

In reviewing a motion for summary judgment, the Court is guided by the tenets set forth in Rule 56(c) which provides as follows:

> . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . .

*See also Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006); *Gray v. Lutheran Social Services of Metropolitan New York, Inc.*, 04 cv- 2843, 2006 WL 1982859 at *3, (E.D.N.Y., July 13, 2006). The moving party bears the burden of meeting this exacting standard. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In addition, to determine whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising from that evidence in the light most favorable to the non-moving party. *Id.* at 157; *Fischl v. Armitage*, 128 F.3d 50 (2d Cir. 1997); *Brown v. Parchester South Condominiums, Inc.*, No. 00 CV-7235, 2006 WL 851789, at *5 (S.D.N.Y. Mar. 31, 2006).

"Even where facts are disputed, in order to defeat summary judgment, the nonmoving party must offer enough evidence to enable a reasonable jury to return a verdict in its favor." *Byrnie v. Town of Cromwell, Bd. Of Educ.*, 243 F.3d 93, 101 (2d Cir. 2001). Summary judgment

4

is mandated if the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

    B.    *Breach of Support of Claim Provision*

Defendant moves for summary judgment based upon Plaintiff's failure to satisfy a condition precedent to coverage. The parties both agree that New York law governs this dispute. *See* Def. Op. Mem. at 5; Pl. Mem. at 9 - 10. Defendant argues that under New York Law, the insured's cooperation with the insurer during the insurer's investigation of a claim is a condition precedent to coverage, and that a failure to comply with a condition precedent entitles Defendant to prevail on summary judgment. *See* Def. Mem. at 6.

> To effectively deny insurance coverage based upon lack of cooperation, an insurance carrier must demonstrate (1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured, after his cooperation was sought, was one of willful and avowed obstruction

*Baghaloo-White v. Allstate Ins. Co.,* 270 N.Y.S.2d 296 (App. Div. 2000) (citing *Physicians' Reciprocal Insurers v Keller,* 665 N.Y.S.2d 515 (App. Div. 1997)); *see also, Thrasher v United States Liab. Ins. Co.,* 225 N.E.2d 503 (N.Y. 1967); *Commercial Union Ins. Co. v Burr,* 641 N.Y.S.2d 69 (App. Div. 2d 1969); *Pawtucket Mut. Ins. Co. v Soler,* 584 N.Y.S.2d 199 (App. Div. 1992)

It is Defendant's position that each of these criteria is satisfied and that Plaintiff repaired the turbos and exhaust elbow before inspection by the insurer because the damage to those parts

was the result of wear and tear, gradual deterioration, and/or rust – all three of which are excluded from coverage. *See* Def. Mem. at 7. According to Plaintiff, the Support Provision requires only that inspection be allowed "before it is disposed of or repaired." Plaintiff asserts that nowhere does the provision state that the property cannot be dismantled. *See* Pl. Mem. at 10. Plaintiff contends that this ambiguity is enough to preclude summary judgment. *See id.* 11-12. In its Reply Memorandum, Defendant argues that Plaintiff did more than simply have the engine taken apart. *See* Def. Reply Br. at 2. Defendant references deposition testimony which, according to Defendant, amounts to an admission by Plaintiff that the turbos and exhaust elbows were repaired before the claim was made. *See* Def. Reply Br. at 3.

Defendant is correct that summary judgment may be appropriate where an insured fails to cooperate with the insurer. Violating an obligation to cooperate constitutes a material breach of the insurance contract and a defense to indemnification under the policy. *Rosenthal v. Prudential Property & Casualty Co.,* 928 F.2d 493, 494 (2d Cir.1991); *Evans v. Int'l Ins. Co.,* 562 N.Y.S.2d 692, 694 (App. Div. 1990); *Dyno-Bite, Inc. v. Travelers Companies,* 439 N.Y.S.2d 558, 560 (App. Div. 1981). The purpose of the cooperation clause, and the reason an abrogation can serve as an affirmative defense to payment, is to safeguard the insurer's right to investigate the legitimacy of a claim. Insurers are entitled to obtain prompt information relating to the loss "to enable them to decide upon their obligations, and to protect them against false claims." *Claflin v. Commonwealth Ins. Co. of Boston, Mass.,* 110 U.S. 81, 95 (1884).

It is well established that the burden of proving lack of cooperation of the insured is placed upon the insurer. *Thrasher v. United States Liability Ins. Co.*, 225 N.E.2d 503 (N.Y.

6

1967); *see also Physicians' Reciprocal Insurers v. Keller,* 665 N.Y.S.2d 515 (App. Div. 1997) (heavy burden of establishing lack of cooperation on insurer).

Where there is an issue of fact as to whether Plaintiff failed to cooperate, summary judgment is properly denied. *See, e,g, Van Gordon v. Otsego*, 658 N.Y.S.2d 306 (App. Div. 1996). Here, Plaintiff contends that the only thing required was inspection before disposal or repair, which he in fact allowed. Defendant argues that the inspection was required before the boat was disassembled, and that the parts were repaired before the inspection. Plaintiff denies this fact. It is up to the jury to decide. Defendant's request for summary judgment on the basis of Plaintiff's failure to cooperate is thereafter DENIED.

        C.     *Estopped From Recovering Unrepaired Damages*

Defendant also moves for summary judgment on the grounds that Plaintiff is estopped from recovering for this claim. Defendant argues that if, as Plaintiff now posits, the damage to the turbos and exhaust elbow was the result of the grounding in April 2004, such claim is excluded from coverage. *See* Def. Op. Mem. at 7-8. Defendant contends that under the Policy, the insurer does "not cover any previously unrepaired damage which occurred either prior to the policy effective date . . . or where you or any insured has previously received payment." Aff. of Michael E. Stern, Ex. 2, at 5. The parties agree that Defendant has already paid one claim arising out of the grounding in April 2004. It is Plaintiff's position that the damage to the Boat was undiscovered damage from that event and should be covered. Pl. Mem at 14. Plaintiff points to the provision of the policy dealing with deductibles which provides "[w]e shall treat any two or more covered losses resulting from the same occurrence as one claim." Aff. of Michael Stern, Ex. 2, at 5. According to Plaintiff, this is a claim for a covered loss arising out of the April

7

grounding because these damages were "hidden" and not discovered until the return trip to New York. *See* Pl. Mem. at 14. Defendant has not set forth facts indicating that Plaintiff has previously recovered for the damage to the turbos and exhaust elbow, which is the subject of this lawsuit.

Defendant's reading of this provision as a bar to Plaintiff's claim is not supported by a review of the entire agreement. The Second Circuit, applying New York law, explained that where "the parties dispute the meaning of specific contract clauses, our task is to determine whether such clauses are ambiguous when 'read in the context of the entire agreement.'" *Sayers v. Rochester Telephone Corp.,* 7 F.3d 1091, 1095 (2d Cir. 1993). The court continued, "[b]y examining the entire contract, we safeguard against adopting an interpretation that would render any individual provision superfluous." *Id.* (citations omitted),

A review of the entire Policy reveals that the only interpretation of the "Unrepaired Damage Clause" provision that is consistent with the entire agreement is that the unrepaired damage provision applies specifically to double recovery for the same loss and not a claim for additional damage arising from the same occurrence. I reach this conclusion based on the fact that the Policy contemplates the possibility of more than one loss arising from a single occurrence in several provisions throughout the Policy. The discussion of the Limits of Liability in the "General Policy Conditions" section of the Policy provides that "the limits of liability shown in the declarations are the most we will pay *for all damages or claims resulting from any one occurrence.*" (emphasis supplied). Aff. of Michael Stern, Ex. 2, at 2. Clearly, this language contemplates that more than one claim may arise out of a single occurrence. Further, with respect to application of the deductible amount, the Policy states that "[w]e will treat any *two or*

8

*more covered losses resulting from the same occurrence as one claim.*" *Id.* (emphasis supplied) This wording also recognizes the possibility of more than one covered loss arising out of a single occurrence. Interpreting the "Unrepaired Damage Clause" of the Policy in the manner sought by Defendant would render these provisions meaningless because there could never be more than one loss recovery per occurrence. As a matter of law, I find that the "Unrepaired Damage Clause" of the Policy is not ambiguous and that Defendant's strained interpretation of this Clause cannot withstand scrutiny. Accordingly, Defendant's motion for summary judgment on the basis that the claim has already been paid is DENIED.

      D.      *Lawsuit Untimely*

Finally, Defendant has moved for summary judgment on the grounds that the action is untimely. The language of the Policy states that no action may be brought "unless there has been full compliance with all provisions; and such action is started within one year after loss or damage occurs." Aff. of Michael Stern, Ex. 2, Policy at page 3. Plaintiff contends "that the undiscovered damage persisted from or was caused by the one April occurrence." *See* Pl. Mem. at 13. The parties agree that on April 18, 2004, the Boat was grounded and damaged. *See* Joint Pretrial Order. It is also undisputed that Plaintiff began his trip to New York on May 19, 2004, and some time thereafter noticed smoke coming from the engines. *See* Def. Undisputed Statement of Facts at ¶ 3. This action was ultimately filed on April 22, 2005. According to Defendant, this action is untimely because it was filed more than one year after the incident purportedly giving rise to the claim. Def. Mem. at 9. In response, Plaintiff argues that (1) the engine damage claim and the grounding claim should be treated as one; (2) the extent of the damage caused by the

9

grounding was not known until May 2004 which should be the operable date; and (3) Defendant contributed to Plaintiff's failure to file timely. Pl. Mem. at 12 - 14.

Defendant relies entirely upon *Proc v. Home Ins. Co.*, 217 N.E.2d 136 (N.Y. 1966) in support of its position that this action is untimely. In *Proc*, the New York Court of Appeals held that a 12 month limitations provision that commences with the "inception of the loss" runs from the date of the event causing the loss and not from the date the cause of action against the insurer accrued. *See id.* at 138. *Proc* also stands for the proposition that if conduct or action on the part of the insurer is responsible for the insured's failure to comply in time with the condition precedent then reliance on this provision is waived. *Id.* at 139.

Defendant's reliance upon *Proc* is misplaced. The Policy at issue in this litigation provides that the action must be brought "within one year after loss or damage occurs." Courts have distinguished this language from the language at issue in *Proc* i.e., "the inception of the loss." *See, e.g., Myers v. Cigna Property and Casualty Ins. Co.*, 953 F. Supp. 551, 555-56 (S.D.N.Y. 1997) (applying New York law and holding that where the time bar provision "does not refer to the 'inception' of the loss or damage or to the 'event from which the loss or damage arises,'" the one year limitation begins to run after claim is due and payable "as opposed to the date of loss or damage to the insured property."); *Pichel v. Hanover Ins. Companies,* 589 N.Y.S.2d 979 (Sup. Ct. 1992) ("the 'loss occurs' clause provides for the period of limitations to run from the date of the loss" rather than from the triggering event, while the "'inception of the loss' clause provides for the period of limitations to run from the triggering event"). *See generally,* 71 N.Y. Jur. 2d <u>Insurance</u> § 2337 (2007) ("where the policy provides that an action must be brought within a designated period after "loss or damage" occurs, or the like, such period

10

is computed not from the time of the occurrence of the physical loss, casualty, or event insured against, but from the time that liability accrues and the loss becomes payable under the provisions of the policy").

Neither party has presented evidence as to the date the loss accrued. However, the Court notes that such date was some time after Plaintiff began his journey to New York or May 19, 2004. *See* Def. Undisputed Statement of Facts at ¶ 3. Accordingly, this action – which was filed on April 22, 2005 – is timely and Defendant's motion for summary judgment on this basis is DENIED.

III.    **Conclusion**

For the reasons set forth above, Defendant's motion for summary judgment is DENIED in all respects. A telephone conference is hereby scheduled for April 24, 2008 at 2:30 p.m. for the parties to arrive at a date certain for trial. Counsel for Plaintiff shall initiate the call.

**SO ORDERED.**

Dated:  Central Islip, New York
        March 19, 2008

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge